ANTHONY V. LUPO (SBN 436364)
MELANIE S. JOO (SBN 237124)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401

Attorneys for Defendant
SACE FASHION USA, INC.

FILED
CLERK, U.S. DISTRICT COURT

NOV - 6 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>STYLE BERRY, a business entity of form unknown; THE EDGELOOK, LLC, a Florida Limited Liability Company; CONTEMPO GIRL, LLC, a California Limited Liability Corporation; FASHION Q, a business entity of form unknown; V-GENERATION, INC., a California Corporation; JSJ CENTRAL INC., DBA: EPILOGUE, a California Corporation; YA LOS ANGELES, a California business entity of form unknown; SACE FASHION USA, INC., a California Corporation; MARK FOOTER, a business entity of form unknown; LOVPOSH, INC., a California Corporation; BE ART, a Texas business entity of form unknown and DOES 1 through 10,,<br><br>          Defendant. | Case No. CV 12-2588 CBM (PJWx)<br><br>*[Assigned to the Hon. Consuelo B. Marshall]*<br><br>~~STIPULATED~~ **PROTECTIVE ORDER**<br><br>Complaint Filed: March 26, 2012 |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATED PROTECTIVE ORDER
CV 12-2588 CBM (PJWX)

TECH/1210665.1

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal.

2.   DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   Counsel (without qualifier): Outside Counsel of Record (as well as their support staff).

2.4   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

2.5   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1    2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery

2    Material from a Producing Party.

3    3.    <u>SCOPE</u>

4         The protections conferred by this Stipulation and Order cover not only

5    Protected Material (as defined above), but also (1) any information copied or

6    extracted from Protected Material; (2) all copies, excerpts, summaries, or

7    compilations of Protected Material; and (3) any testimony, conversations, or

8    presentations by Parties or their Counsel that might reveal Protected Material.

9    However, the protections conferred by this Stipulation and Order do not cover the

10   following information: (a) any information that is in the public domain at the time

11   of disclosure to a Receiving Party or becomes part of the public domain after its

12   disclosure to a Receiving Party as a result of publication not involving a violation

13   of this Order, including becoming part of the public record through trial or

14   otherwise; and (b) any information known to the Receiving Party prior to the

15   disclosure or obtained by the Receiving Party after the disclosure from a source

16   who obtained the information lawfully and under no obligation of confidentiality to

17   the Designating Party.

18        Any use of Protected Material at trial shall be governed by a separate

19   agreement or order.

20   4.    <u>DURATION</u>

21        Even after final disposition of this litigation, the confidentiality obligations

22   imposed by this Order shall remain in effect until a Designating Party agrees

23   otherwise in writing or a court order otherwise directs. Final disposition shall be

24   deemed to be the later of (1) dismissal of all claims and defenses in this action, with

25   or without prejudice; and (2) final judgment herein after the completion and

26   exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

27   including the time limits for filing any motions or applications for extension of time

28   pursuant to applicable law.

1    5.    DESIGNATING PROTECTED MATERIAL

2         5.1    Exercise of Restraint and Care in Designating Material for Protection.

3    Each Party or Non- Party that designates information or items for protection under

4    this Order must take care to limit any such designation to specific material that

5    qualifies under the appropriate standards. To the extent it is practical to do so, the

6    Designating Party must designate for protection only those parts of material,

7    documents, items, or oral or written communications that qualify – so that other

8    portions of the material, documents, items, or communications for which protection

9    is not warranted are not swept unjustifiably within the ambit of this Order.

10        Mass, indiscriminate, or routinized designations are prohibited. Designations

11   that are shown to be clearly unjustified or that have been made for an improper

12   purpose (e.g., to unnecessarily encumber or retard the case development process or

13   to impose unnecessary expenses and burdens on other parties) expose the

14   Designating Party to sanctions.

15        If it comes to a Designating Party's attention that information or items that it

16   designated for protection do not qualify for protection at all or do not qualify for the

17   level of protection initially asserted, that Designating Party must promptly notify all

18   other parties that it is withdrawing the mistaken designation.

19        5.2    Manner and Timing of Designations. Except as otherwise provided in

20   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

21   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

22   under this Order must be clearly so designated before the material is disclosed or

23   produced.

24        Designation in conformity with this Order requires:

25            (a)    for information in documentary form (e.g., paper or electronic

26   documents, but excluding transcripts of depositions or other pretrial or trial

27   proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

28   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that

1   contains protected material. If only a portion or portions of the material on a page
2   qualifies for protection, the Producing Party also must clearly identify the protected
3   portion(s) (e.g., by making appropriate markings in the margins) and must specify,
4   for each portion, the level of protection being asserted.

5        A Party or Non-Party that makes original documents or materials
6   available for inspection need not designate them for protection until after the
7   inspecting Party has indicated which material it would like copied and produced.
8   During the inspection and before the designation, all of the material made available
9   for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'
10  EYES ONLY." After the inspecting Party has identified the documents it wants
11  copied and produced, the Producing Party must determine which documents, or
12  portions thereof, qualify for protection under this Order. Then, before producing the
13  specified documents, the Producing Party must affix the appropriate legend
14  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
15  ONLY") to each page that contains Protected Material. If only a portion or portions
16  of the material on a page qualifies for protection, the Producing Party also must
17  clearly identify the protected portion(s) (e.g., by making appropriate markings in
18  the margins) and must specify, for each portion, the level of protection being
19  asserted.

20        (b)    for testimony given in deposition or in other pretrial or trial
21  proceedings, that the Designating Party identify on the record, before the close of
22  the deposition, hearing, or other proceeding, all protected testimony and specify the
23  level of protection being asserted. When it is impractical to identify separately each
24  portion of testimony that is entitled to protection and it appears that substantial
25  portions of the testimony may qualify for protection, the Designating Party may
26  invoke on the record (before the deposition, hearing, or other proceeding is
27  concluded) a right to have up to 21 days to identify the specific portions of the
28  testimony as to which protection is sought and to specify the level of protection

1   being asserted. Only those portions of the testimony that are appropriately
2   designated for protection within the 21 days shall be covered by the provisions of
3   this Stipulated Protective Order. Alternatively, a Designating Party may specify, at
4   the deposition or up to 21 days afterwards if that period is properly invoked, that
5   the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY
6   CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7           Parties shall give the other parties notice if they reasonably expect a
8   deposition, hearing or other proceeding to include Protected Material so that the
9   other parties can ensure that only authorized individuals who have signed the
10   "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those
11   proceedings. The use of a document as an exhibit at a deposition shall not in any
12   way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
13   – ATTORNEYS' EYES ONLY."

14          Transcripts containing Protected Material shall have an obvious legend
15   on the title page that the transcript contains Protected Material, and the title page
16   shall be followed by a list of all pages (including line numbers as appropriate) that
17   have been designated as Protected Material and the level of protection being
18   asserted by the Designating Party. The Designating Party shall inform the court
19   reporter of these requirements. Any transcript that is prepared before the expiration
20   of a 21-day period for designation shall be treated during that period as if it had
21   been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in
22   its entirety unless otherwise agreed. After the expiration of that period, the
23   transcript shall be treated only as actually designated.

24         (c) for information produced in some form other than documentary and for
25   any other tangible items, that the Producing Party affix in a prominent place on the
26   exterior of the container or containers in which the information or item is stored the
27   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
28   EYES ONLY". If only a portion or portions of the information or item warrant

1   protection, the Producing Party, to the extent practicable, shall identify the
2   protected portion(s) and specify the level of protection being asserted.

3       5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent
4   failure to designate qualified information or items does not, standing alone, waive
5   the Designating Party's right to secure protection under this Order for such
6   material. Upon timely correction of a designation, the Receiving Party must make
7   reasonable efforts to assure that the material is treated in accordance with the
8   provisions of this Order.

9   6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

10      6.1   Timing of Challenges. Any Party or Non-Party may challenge a
11  designation of confidentiality at any time. Unless a prompt challenge to a
12  Designating Party's confidentiality designation is necessary to avoid foreseeable,
13  substantial unfairness, unnecessary economic burdens, or a significant disruption or
14  delay of the litigation, a Party does not waive its right to challenge a confidentiality
15  designation by electing not to mount a challenge promptly after the original
16  designation is disclosed.

17      6.2   Meet and Confer. The Challenging Party shall initiate the dispute
18  resolution process by providing written notice of each designation it is challenging
19  and describing the basis for each challenge. To avoid ambiguity as to whether a
20  challenge has been made, the written notice must recite that the challenge to
21  confidentiality is being made in accordance with this specific paragraph of the
22  Protective Order. The parties shall attempt to resolve each challenge in good faith
23  and must begin the process by conferring directly (in voice to voice dialogue; other
24  forms of communication are not sufficient) within 14 days of the date of service of
25  notice. In conferring, the Challenging Party must explain the basis for its belief that
26  the confidentiality designation was not proper and must give the Designating Party
27  an opportunity to review the designated material, to reconsider the circumstances,
28  and, if no change in designation is offered, to explain the basis for the chosen

1   designation. A Challenging Party may proceed to the next stage of the challenge

2   process only if it has engaged in this meet and confer process first or establishes

3   that the Designating Party is unwilling to participate in the meet and confer process

4   in a timely manner.

5       6.3   Judicial Intervention. If the Parties cannot resolve a challenge without

6   court intervention, the Designating Party shall file and serve a motion to retain

7   confidentiality within 21 days of the initial notice of challenge or within 14 days of

8   the parties agreeing that the meet and confer process will not resolve their dispute,

9   whichever is earlier. Each such motion must be accompanied by a competent

10   declaration affirming that the movant has complied with the meet and confer

11   requirements imposed in the preceding paragraph. Failure by the Designating Party

12   to make such a motion including the required declaration within 21 days (or 14

13   days, if applicable) shall automatically waive the confidentiality designation for

14   each challenged designation. In addition, the Challenging Party may file a motion

15   challenging a confidentiality designation at any time if there is good cause for doing

16   so, including a challenge to the designation of a deposition transcript or any

17   portions thereof. Any motion brought pursuant to this provision must be

18   accompanied by a competent declaration affirming that the movant has complied

19   with the meet and confer requirements imposed by the preceding paragraph.

20       The burden of persuasion in any such challenge proceeding shall be on the

21   Designating Party. Frivolous challenges and those made for an improper purpose

22   (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

23   expose the Challenging Party to sanctions. Unless the Designating Party has waived

24   the confidentiality designation by failing to file a motion to retain confidentiality as

25   described above, all parties shall continue to afford the material in question the

26   level of protection to which it is entitled under the Producing Party's designation

27   until the court rules on the challenge.

28

1  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

2      7.1    Basic Principles. A Receiving Party may use Protected Material that is

3  disclosed or produced by another Party or by a Non-Party in connection with this

4  case only for prosecuting, defending, or attempting to settle this litigation. Such

5  Protected Material may be disclosed only to the categories of persons and under the

6  conditions described in this Order. When the litigation has been terminated, a

7  Receiving Party must comply with the provisions of section 15 below (FINAL

8  DISPOSITION).

9      Protected Material must be stored and maintained by a Receiving Party at a

10  location and in a secure manner that ensures that access is limited to the persons

11  authorized under this Order.

12      7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

13  otherwise ordered by the court or permitted in writing by the Designating Party, a

14  Receiving   Party   may   disclose   any   information   or   item   designated

15  "CONFIDENTIAL" only to:

16          (a)    the Receiving Party's Outside Counsel of Record in this action,

17  as well as employees of said Outside Counsel of Record to whom it is reasonably

18  necessary to disclose the information for this litigation and who have signed the

19  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

20  A;

21          (b)    the officers, directors, and employees of the Receiving Party to

22  whom disclosure is reasonably necessary for this litigation and who have signed the

23  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24          (c)    Experts (as defined in this Order) of the Receiving Party to

25  whom disclosure is reasonably necessary for this litigation and who have signed the

26  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27          (d)    the court and its personnel;

28          (e)    court reporters and their staff, professional jury or trial

1   consultants, and Professional Vendors to whom disclosure is reasonably necessary

2   for this litigation and who have signed the "Acknowledgment and Agreement to Be

3   Bound" (Exhibit A);

4           (f)   during their depositions, witnesses in the action to whom

5   disclosure is reasonably necessary and who have signed the "Acknowledgment and

6   Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating

7   Party or ordered by the court. Pages of transcribed deposition testimony or exhibits

8   to depositions that reveal Protected Material must be separately bound by the court

9   reporter and may not be disclosed to anyone except as permitted under this

10   Stipulated Protective Order.

11           (g)   the author or recipient of a document containing the information

12   or a custodian or other person who otherwise possessed or knew the information.

13       7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

14   ONLY" Information or Items. Unless otherwise ordered by the court or permitted in

15   writing by the Designating Party, a Receiving Party may disclose any information

16   or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

17   only to:

18           (a)   the Receiving Party's Outside Counsel of Record in this action, as well

19   as employees of said Outside Counsel of Record to whom it is reasonably necessary

20   to disclose the information for this litigation and who have signed the

21   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

22   A;

23           (b)   Experts of the Receiving Party (1) to whom disclosure is reasonably

24   necessary for this litigation, (2) who have signed the "Acknowledgment and

25   Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth

26   in paragraph 7.4(a)(2), below, have been followed;

27           (c)   the court and its personnel;

28           (d)   court reporters and their staff, professional jury or trial consultants,

1   and Professional Vendors to whom disclosure is reasonably necessary for this

2   litigation and who have signed the "Acknowledgment and Agreement to Be

3   Bound" (Exhibit A); and

4       (e)    the author or recipient of a document containing the information or a

5   custodian or other person who otherwise possessed or knew the information.

6       7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY

7   CONFIDENTIAL – ATTORNEYS' EYES ONLYInformation or Items to Experts.

8       (a)(1)  Unless otherwise ordered by the court or agreed to in writing by

9   the Designating Party, a Party that seeks to disclose to an Expert (as defined in this

10  Order) any information or item that has been designated "HIGHLY

11  CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c)

12  first must make a written request to the Designating Party that (1) identifies the

13  general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

14  ONLY" information that the Receiving Party seeks permission to disclose to the

15  Expert, (2) sets forth the full name of the Expert and the city and state of his or her

16  primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies

17  the Expert's current employer(s), (5) identifies each person or entity from whom the

18  Expert has received compensation or funding for work in his or her areas of

19  expertise or to whom the expert has provided professional services, including in

20  connection with a litigation, at any time during the preceding five years,[1] and (6)

21  identifies (by name and number of the case, filing date, and location of court) any

22  litigation in connection with which the Expert has offered expert testimony,

23  including through a declaration, report, or testimony at a deposition or trial, during

24  the preceding five years.[2]

25

26  [1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed

27  without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

28  [2] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1210665.1

(b)    A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

1   ONLY" that Party must:

2       (a)   promptly notify in writing the Designating Party. Such

3   notification shall include a copy of the subpoena or court order;

4       (b)   promptly notify in writing the party who caused the subpoena or

5   order to issue in the other litigation that some or all of the material covered by the

6   subpoena or order is subject to this Protective Order. Such notification shall include

7   a copy of this Stipulated Protective Order; and

8       (c)   cooperate with respect to all reasonable procedures sought to be

9   pursued by the Designating Party whose Protected Material may be affected.[3] If the

10   Designating Party timely seeks a protective order, the Party served with the

11   subpoena or court order shall not produce any information designated in this action

12   as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

13   ONLY" before a determination by the court from which the subpoena or order

14   issued, unless the Party has obtained the Designating Party's permission. The

15   Designating Party shall bear the burden and expense of seeking protection in that

16   court of its confidential material – and nothing in these provisions should be

17   construed as authorizing or encouraging a Receiving Party in this action to disobey

18   a lawful directive from another court.

19   9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

20   PRODUCED IN THIS LITIGATION

21       (a)   The terms of this Order are applicable to information produced by a

22   Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

23   CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by

24   Non-Parties in connection with this litigation is protected by the remedies and relief

25   provided by this Order. Nothing in these provisions should be construed as

26

27

28

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

STIPULATED PROTECTIVE ORDER

- 14 -

1    prohibiting a Non-Party from seeking additional protections.

2         (b)    In the event that a Party is required, by a valid discovery request, to
3    produce a Non- Party's confidential information in its possession, and the Party is
4    subject to an agreement with the Non-Party not to produce the Non-Party's
5    confidential information, then the Party shall:

6              1.    promptly notify in writing the Requesting Party and the Non-
7    Party that some or all of the information requested is subject to a confidentiality
8    agreement with a Non-Party;

9              2.    promptly provide the Non-Party with a copy of the Stipulated
10   Protective Order in this litigation, the relevant discovery request(s), and a
11   reasonably specific description of the information requested; and

12             3.    make the information requested available for inspection by the
13   Non-Party.

14        (c)    If the Non-Party fails to object or seek a protective order from this
15   court within 14 days of receiving the notice and accompanying information, the
16   Receiving Party may produce the Non- Party's confidential information responsive
17   to the discovery request. If the Non-Party timely seeks a protective order, the
18   Receiving Party shall not produce any information in its possession or control that
19   is subject to the confidentiality agreement with the Non-Party before a
20   determination by the court.[4] Absent a court order to the contrary, the Non-Party
21   shall bear the burden and expense of seeking protection in this court of its Protected
22   Material.

23   10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

24        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
25   Protected Material to any person or in any circumstance not authorized under this

26
27
28

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

1   Stipulated Protective Order, the Receiving Party must immediately (a) notify in
2   writing the Designating Party of the unauthorized disclosures, (b) use its best
3   efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the
4   person or persons to whom unauthorized disclosures were made of all the terms of
5   this Order, and (d) request such person or persons to execute the "Acknowledgment
6   and Agreement to Be Bound" that is attached hereto as Exhibit A.

7   11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
8   PROTECTED MATERIAL

9       When a Producing Party gives notice to Receiving Parties that certain
10  inadvertently produced material is subject to a claim of privilege or other
11  protection, the obligations of the Receiving Parties are those set forth in Federal
12  Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify
13  whatever procedure may be established in an e-discovery order that provides for
14  production without prior privilege review. Pursuant to Federal Rule of Evidence
15  502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure
16  of a communication or information covered by the attorney-client privilege or work
17  product protection, the parties may incorporate their agreement in the stipulated
18  protective order submitted to the court.

19  12.   MISCELLANEOUS

20      12.1   Right to Further Relief. Nothing in this Order abridges the right of any
21  person to seek its modification by the court in the future.

22      12.2   Right to Assert Other Objections. By stipulating to the entry of this
23  Protective Order no Party waives any right it otherwise would have to object to
24  disclosing or producing any information or item on any ground not addressed in
25  this Stipulated Protective Order. Similarly, no Party waives any right to object on
26  any ground to use in evidence of any of the material covered by this Protective
27  Order.

28      12.3   Export Control. Disclosure of Protected Material shall be subject to all

applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

12.4   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with any applicable local rules. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

13.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATED PROTECTIVE ORDER

- 17 -

TECH/1210665.1

1   Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

2   archival copy of all pleadings, motion papers, trial, deposition, and hearing

3   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

4   reports, attorney work product, and consultant and expert work product, even if

5   such materials contain Protected Material. Any such archival copies that contain or

6   constitute Protected Material remain subject to this Protective Order as set forth in

7   Section 4 (DURATION).

8       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

9

10   Dated:  November 2, 2012       Respectfully submitted,

11                             **ARENT FOX LLP**

12

13                             By:___/s/_____

14                             Anthony Lupo
Melanie S. Joo

15                             Attorneys for Defendant
SACE FASHION USA, INC.

16   Dated:  November 2, 2012       Respectfully submitted,

17                             **DONIGER/BURROUGHS APC**

18

19                             By:___/s/_____

20                             Stephen M. Doniger, Esq.
Scott A. Burroughs, Esq.

21                             Attorneys  for  Plaintiff  STAR  FABRICS,
INC.

22

23

24                        IT IS SO ORDERED.
DATED: 11/6/12

25

26                        UNITED STATES MAGISTRATE JUDGE

27

28

## EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of _____ **[insert formal name of the case and the**

**number and initials assigned to it by the court]**. I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name:_____
[printed name]

Signature:_____
[signature]

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATED PROTECTIVE ORDER

TECH/1210665.1